**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:00CR174-1-MU**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **KAIYY DAVIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court upon Defendant's Motion to Defer Restitution, filed June 8, 2007.

In Defendant's single-sentence Motion he merely states that he requests that the restitution ordered as part of his sentence be deferred until the completion of his sentence. Defendant provides no reason whatsoever as to why the Court should grant his motion. Consequently, this Court cannot make an informed decision on his request and his request is denied.

Should Defendant choose to file another motion requesting a deferment or reduction in his restitution payments he must provide more specifics and include a certified copy of his inmate trust account statement for at least the last six months. In addition, the Court notes pursuant to 18 U.S.C. § 3664(k), when a defendant seeks to change his restitution payments he is obligated to provide the United States with notice. As such, the United States must be served with a copy of such motions.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Defer Restitution is **DENIED**.

Signed: September 18, 2007

Graham C. Mullen
United States District Judge