UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-381-GCM
(3:00-cr-174-GCM-2)

| | |
|---|---|
| KAIYY GAREE DAVIS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Respondent's Motion to Dismiss, (Doc. No. 10).

**I.    BACKGROUND**

Petitioner was charged with: Count (1) conspiracy to commit Hobbs Act robbery (18 U.S.C. § 1951); Count (6), Hobbs Act robbery and aiding and abetting the same (18 U.S.C. §§ 1951, 2); Count (7), discharging a firearm during and in relation to a crime of violence (Count (6)) and aiding and abetting the same (18 U.S.C. §§ 924(c) and 2); Count (11), brandishing a firearm in during and in relation to a crime of violence (Count (10))[1] and aiding and abetting the same (18 U.S.C. §§ 924(c) and 2). (3:00-cr-174 ("CR") Doc. No. 3) (Indictment); (CR Doc. No. 47) (Plea Agreement).

The Plea Agreement states that Petitioner is, in fact, guilty as charged of the relevant counts. (CR Doc. No. 47 at 1). The Plea Agreement sets forth Petitioner's sentencing exposure

---

[1] Count (10) is a count of Hobbs Act robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 1951 and 2.

1

and Petitioner's understanding that the sentence has not been determined and will be entered at the Court's discretion, as well as the rights he was waiving by pleading guilty, including the right to be tried by a jury, to be assisted by an attorney at trial, to confront and cross-examine witnesses, and not to be compelled to incriminate himself. (CR Doc. No. 47 at 1-5). Petitioner specifically waived his rights to appeal and to seek post-conviction relief except for claims of ineffective assistance of counsel and prosecutorial misconduct. (CR Doc. No. 47 at 5). Petitioner stated that he understood and agreed to all the foregoing. See (CR Doc. No. 53) (Acceptance).

The Court accepted Petitioner's knowing and voluntary guilty plea and sentenced him to a total of 240 months' imprisonment (46 months for Counts (1) and (6), concurrent, 120 months for Count (7), consecutive, and 74 months for Count (11), consecutive) followed by three years of supervised release. (CR Doc. No. 62). The Government dismissed 14 additional counts in exchange for Petitioner's guilty plea. See (CR Doc. Nos. 47, 62). Petitioner did not appeal.

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 17, 2016, raising a claim pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. No. 1). Petitioner argues that his § 924(c) conviction in Counts (7) and (11) violate due process because § 924(c)'s residual clause is unconstitutional and Hobbs Act robbery is not a crime of violence under § 924(c)'s force clause. He asks the Court to vacate his § 924(c) convictions.

This case was stayed for several years pending the Fourth Circuit's consideration of United States v. Ali, No. 15-4433, and United States v. Simms, 15-4540. See (Doc. No. 4). The stay was lifted after the United States Supreme Court issued its opinion in United States v. Davis, 139 S. Ct. 2319 (2019). (Doc. No. 9).

2

The Government has now filed a Motion to Dismiss, (Doc. No. 10), arguing that the § 2255 Motion to Vacate should be dismissed or denied because Petitioner's claims are waived, procedurally barred, and foreclosed by Fourth Circuit precedent.

Petitioner has filed a Response, (Doc. No. 11), arguing that the § 924(c) conviction is void because aiding and abetting Hobbs Act robbery fails to qualify as a crime of violence pursuant to Davis and United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (*en banc*), and that the defenses of waiver and procedural default are inapplicable.[2]

The Government has filed a Reply, (Doc. No. 14), arguing that the Petitioner's new argument challenging aiding and abetting Hobbs Act robbery as a § 924(c) predicate is not properly before the Court and is meritless.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[2] Counsel for Petitioner acknowledges that the Court has rejected this argument in several recent decisions and is raising it here to preserve it for further review.

### III. DISCUSSION

**(1)** <u>Waiver</u>

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." <u>United States v. Willis</u>, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." <u>Blackledge v. Perry</u>, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." <u>Id.</u> An appellate waiver is generally enforceable where the waiver was knowingly and voluntarily made. <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992). The Fourth Circuit does not distinguish between the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in a plea agreement. See <u>United States v. Lemaster</u>, 403 F.3d 216, 200 (4th Cir. 2005). There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims" such as a sentence imposed in excess of the statutory maximum or a challenge to the validity of a guilty plea. <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005).

Petitioner contends that his post-conviction waiver is unenforceable because his meritorious <u>Johnson</u>-based claim is one of actual innocence that falls outside the scope of his post-conviction waiver, his claim is predicated on the assertion that the Court did not have statutory authority to impose the sentence, the conviction under § 924(c)'s residual clause is a jurisdictional defect, and the offense is one that the Government cannot constitutionally prosecute.

The Court need not address the validity and enforceability of the post-conviction waiver in Petitioner's guilty plea because his claim fails on the merits. See Section (3), *infra*.

**(2)** **Procedural Default**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994).

Cause for procedural default exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

First, Petitioner argues he can demonstrate cause and prejudice because the attack on the § 924(c) convictions is novel. Assuming *arguendo* that Petitioner has demonstrated cause, his

procedural default is not excused because he cannot show prejudice. The § 924(c) convictions are valid and are not undermined by a novel legal theory. See Section (3), *infra*.

Petitioner similarly argues that he is actually innocent of violating § 924(c) because there is no underlying crime of violence upon which his convictions for that offense can be based. However, the record conclusively refutes Petitioner's claim that he is innocent of violating § 924(c) so the actual innocence exception does not except him from the procedural default bar. See Section (3), *infra*; United States v. Terry, 788 F. App'x 933 (4th Cir. 2020) (rejecting § 2255 petitioner's claim that he is actually innocent of the § 924(c) offense because Hobbs Act robbery constitutes a crime of violence under the § 924(c) force clause).

Further, because no Johnson error has occurred, Section (3), *infra*, there is no jurisdictional defect that would result in waiver of Petitioner's procedural default of this claim.

Petitioner's claim is therefore procedurally defaulted from collateral review and the § 2255 Motion to Vacate is subject to dismissal.

**(3)    Merits**

Petitioner contends that his § 924(c) convictions are invalid because the predicate offense of aiding and abetting Hobbs Act robbery is not a crime of violence under § 924(c)'s force clause. Assuming *arguendo* that this claim is not waived or procedurally defaulted, it fails on the merits.

In Johnson v. United States, 135 S. Ct. 2551 (2015), the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause is void for vagueness, which is a retroactively applicable right. See Welch v. United States, 136 S. Ct. 1257, 1265 (2016). The Supreme Court has also held that § 924(c)(3)(B)'s residual clause is

6

unconstitutionally vague pursuant to the principles set forth in Johnson.[3] United States v. Davis, 139 S. Ct. 2319 (2019).

Although the Supreme Court held in Davis that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, that holding does not affect Petitioner's conviction because the predicate offense of Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c). See United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Petitioner's reliance on United States v. Simms, 914 F.3d 229 (4th Cir. 2019), in which the Fourth Circuit held that Hobbs Act conspiracy is not categorically a crime of violence, is misplaced because Petitioner's predicate Hobbs Act offenses are not conspiracy counts.

The Court rejects Petitioner's argument that aiding and abetting Hobbs Act robbery is not a crime of violence. Aiding and abetting is not itself a federal offense, but simply "describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010). An aider and abettor is responsible for the act as if he committed it directly. See generally Nye & Nissen v. United States, 336 U.S. 613, 618 (1949) (the trial court's charge that one "who aids, abets, counsel, commands, induces, or procures the commission of an act is as responsible for that act as if he committed it directly" is "well engrained in the law"); see 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); United States v. Barefoot, 754 F.3d 226, 239 (4th Cir. 2014); United States v. Jaensch, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b),

---

[3] Section 924(c) provides for enhanced sentencing for any person who uses or carries a firearm or possesses a firearm in furtherance of any crime of violence or drug trafficking crime. A "crime of violence" is defined under § 924(c)(3) as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) *that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*" 18 U.S.C. § 924 (emphasis added). The italicized portion of the definition is referred to as the § 924(c) residual clause.

7

individuals who aid, abet, command, or induce a crime are punishable as principals."). Because Hobbs Act robbery is a crime of violence under § 924(c)'s force clause, aiding and abetting Hobbs Act robbery also qualifies as a crime of violence under § 924(c)'s force clause. See United States v. Richardson, 948 F.3d 733 (6th Cir. 2020); United States v. McKelvey, 773 F. App'x 74, 75 (3d Cir. 2019); United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018); see also United States v. Brayboy, 789 F. App'x 384 (4th Cir. 2020) (noting that, while the Fourth Circuit did not address aiding and abetting liability in Mathis, every circuit to have considered it has rejected it and therefore defendant failed to demonstrate plain error). As such, Petitioner's § 924(c) convictions predicated on aiding and abetting Hobbs Act robbery are valid.

Therefore, Petitioner's challenge to his § 924(c) convictions fails on the merits.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is dismissed and denied and the Government's Motion to Dismiss is granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Respondent's Motion to Dismiss, (Doc. No. 10), is **GRANTED**.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473,

8

484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk of Court is directed to close this case.

Signed: July 24, 2020

*[signature]*

Graham C. Mullen
United States District Judge